**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN (PIKEVILLE) DIVISION**

| | | |
|---|---|---|
| JON TIMOTHY ADKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 7:13-CV-00035-ART |
| vs. | ) | |
| | ) | |
| FIRSTCREDIT, INC., | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT**

NOW COMES the Plaintiff, JON TIMOTHY ADKINS, by and through his attorney, KYLE R. SALYER, and for his First Amended Complaint against the Defendant, FIRSTCREDIT, INC., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

**PARTIES**

3. Plaintiff is an individual who was at all relevant times residing in Pikeville, Kentucky.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5. On information and belief, Defendant is a corporation of the State of Ohio and has its principal place of business in Fairlawn, Ohio.

6. Attached hereto as Exhibit 1 are excerpts from Defendant's web site, on which it advertises its "Third Party Collection Services" and states, in part:

> Medical collections is our specialty. FirstCredit's collection services are designed to maximize recoveries of delinquent accounts while representing the patient's relationship with the providers we serve. FCI operations specialists develop flexible work plans designed to shorten the time from first contact to receipt of payment. Our comprehensive work plans use professionally scripted telephone and written communications, asset and income verification activities, skip tracing, credit bureau reporting to all three national vendors, and account litigation services in all 50 states to affect timely account resolution. Because our exclusive collection program is designed for the hospital provider, our recovery rates run the highest in the industry!

7. Therefore, at all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that Defendant uses an instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts, and/or Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8. Defendant, through its agents, representatives and/or employees, began contacting Plaintiff multiple times per week during or about November or December of 2012 in attempts to collect a debt allegedly owed by Plaintiff to the Cleveland Clinic, which was incurred for medical services. The calls from Defendant to Plaintiff's home telephone and employer-provided cell phone numbered as many as five per week for a three to four week period of time.

9. The aforementioned alleged debt is therefore a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a

transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

10. The alleged debt which Defendant was attempting to collect from Plaintiff was in default at the time the account was placed with Defendant for collection by the Cleveland Clinic.

11. Defendants agents, representatives and/or employees continued to contact Plaintiff on his employer-provided cell phone in further attempts to collect the alleged debt even after Plaintiff told the callers to stop contacting him at that number.

12. During the aforementioned telephone communications with Plaintiff, Defendant's agents, representatives and/or employees refused to provide details such as the date of service or specific provider regarding the alleged debt, and would say "you know what this is about" and that it was a bill from the Cleveland Clinic.

12. On or about January 7, 2013, Plaintiff sent a letter to Defendant via certified mail requesting for all telephone communications from Defendant to stop. A copy of said letter is attached hereto as Exhibit 2.

13. Telephone communications from Defendant's agents, representatives and/or employees, including but not limited to an individual representing herself as "Rena" (last name unknown), continued nonetheless, including on March 28, 2013 at 7:08 p.m. and April 1, 2013.

14. During the March 28 or April 1, 2013 telephone call, Rena told Plaintiff that his January 10, 2013 letter only applied to his cell phone and not his phone numbers and the collection calls would continue.

15. Defendant's agents, representatives and/or employees also used foul, degrading and/or abusive language when speaking with Plaintiff during or about the calendar month of March 2013.

3

16. On or about April 8, 2013, Defendant was advised in writing that Plaintiff was now represented by the undersigned counsel.

17. However, Rena contacted Plaintiff by telephone on or about May 24, 2013 in a further attempt to collect the alleged debt.

18. Defendant's agent, representative and/or employee contacted Plaintiff by telephone again in June, 2013 and again on July 18, 2013.

In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Communicating with Plaintiff through his place of employment where Defendant knew or had reason to know that his employer prohibited him from receiving such communications, in violation of 15 U.S.C. § 1692c(a)(3);

    b. Continuing to communicate with Plaintiff after Defendant was notified in writing that he refused to pay the debt and/or that he wished for Defendant to cease further communication with him, in violation of 15 U.S.C. § 1692c(c);

    c. Communicating with Plaintiff after Defendant had been advised that he was represented by an attorney with respect to the alleged debt, in violation of 15 U.S.C. § 1692c(a)(2)

    d. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

4

      e.      Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

      f.      Using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiff, in violation of 15 U.S.C. § 1692d(2); and

      g.      By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

19. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JON TIMOTHY ADKINS, respectfully prays for a judgment against Defendant as follows:

      a.      Statutory damages of $1,000.00 for each violation of the FDCPA;

      b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

      c.      Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ Kyle R. Salyer
Kyle R. Salyer (91435)
Attorney for Plaintiff
Luxenburg & Levin, LLC
P.O. Box 2213
Paintsville, KY 41240
(888) 493-0770, ext. 307 (phone)
(866) 551-7791 (facsimile)
Kyle@LuxenburgLevin.com